# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SHANQUIL LASHAY BEY,<br><br>      Plaintiff,<br><br>v.<br><br>MILWAUKEE COUNTY,<br>MILWAUKEE COUNTY RISK<br>MANAGEMENT, and MILWAUKEE<br>COUNTY CIRCUIT COURT JUDGE<br>LAURA GRAMLING PEREZ,<br><br>      Defendants. | Case No. 22-CV-804-JPS<br><br><br>**ORDER** |

  On July 13, 2022, Plaintiff Shanquil Lashay Bey ("Bey"), proceeding pro se, filed a complaint purporting to allege violations of her constitutional rights by Defendants Milwaukee County (the "County"), Milwaukee County Risk Management ("MCRM"), and Milwaukee County Circuit Court Judge Laura Gramling Perez ("Judge Gramling Perez") (together, "Defendants"). ECF No. 1. Bey also filed a motion to proceed without prepayment of the filing fee. ECF No. 2. In order to allow Bey to proceed without paying the filing fee, the Court must first decide whether Bey has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). Upon screening a plaintiff's case, the Court must dismiss the case if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Order addresses Bey's motion for leave to proceed without prepaying the filing fee and screens her case.

1.     MOTION TO PROCEED IN FORMA PAUPERIS

On the question of indigence, although Bey need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In her motion, Bey avers that she is employed and earns $1,200 per month. ECF No. 2 at 1–2. She is unmarried and is responsible for supporting her two daughters. *Id.* Her monthly expenditures total $1,600. *Id.* at 2–3. She owns a car valued at approximately $3,000, but does not have any cash checking, savings, or other similar accounts, or any other property of value. *Id.* at 3–4. Bey states that she and her children are currently homeless. *Id.* at 4. In light of these representations, the Court accepts that Bey is indigent. However, the inquiry does not end there; the Court must also screen the action.

2.     SCREENING STANDARDS

Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

3. **RELEVANT ALLEGATIONS**

Bey alleges violations of her rights under the Fifth, Sixth, Tenth, and Fourteenth Amendments based on Defendants' conduct, including, *inter alia*, "judicial corruption, denial of due process, denial of equal protection, [and] malfeasance." ECF No. 1 at 3. In support of her claims, Bey contends that she has a case pending in Milwaukee County Circuit Court against Progressive Insurance ("Progressive"), over which Judge Gramling Perez is presiding. *Id.* at 4. Bey states that Progressive did not respond to her lawsuit for eight months and is in default, but that Judge Gramling Perez "claims

shes using her discretion to allow them to enlarge time to answer disregarding the constitution clause of due process and Wis Stat on time frames to answer complaints." *Id.* [*sic* throughout]. Bey further maintains that Judge Gramling Perez gave Progressive "directions on what to file for dismissal of [her] case and that she would grant it on the record." *Id.* According to Bey, Judge Gramling Perez has also threatened Bey to show up in person or risk dismissal of her case, despite the pendency of the COVID-19 pandemic. *Id.* at 4–5. Finally, Bey alleges that Judge Gramling Perez denied Bey an opportunity to speak at the hearing Bey requested on a motion for recusal of Judge Gramling Perez, and that Judge Gramling Perez later denied the motion. *Id.* at 5.

Bey states that she has joined the County as a defendant because it is "the employer of [Judge Gramling] Perez" and, consequently, is "aware of her practices in the court room" and is "a [] part of the civil conspiracy." *Id.* at 4. Bey also joins MCRM as a defendant because it "oversees and insures [Judge Gramling Perez] to operate." *Id.* Bey alleges extreme and undue stress due to these events and requests injunctive relief, compensatory damages in the amount of $500,000, and punitive damages in the amount of $500,000.

4. **ANALYSIS**

The Court is obliged to give a plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Bey's complaint alleges claims arising under 42 U.S.C. § 1983. ECF No. 1 at 3. To state a claim for relief under Section 1983, "a plaintiff must allege that: (1) [s]he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon [her] by a person or

persons acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

To begin, the Court is constrained to dismiss Judge Gramling Perez from this action. The judicial immunity doctrine establishes that judges have immunity from liability for their judicial acts; "judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Here, Bey attempts to bring a suit against Judge Gramling Perez for her judicial acts in a Milwaukee County Circuit Court case over which Judge Gramling Perez is presiding. Judge Gramling Perez is immune from such a suit. Therefore, the Court will dismiss Bey's claims against Judge Gramling Perez.

Next, Bey's Section 1983 claims against the County are based on her allegation that the County is Judge Gramling Perez's employer. Governments are not liable for the alleged civil rights violations of their employees and/or agents, and may only be liable for such alleged violations by their employees and/or agents under Section 1983 if there is an underlying policy that caused the harm. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Bey alleges that the County is "aware of [Judge Gramling Perez's] practices," which falls short of the elements a plaintiff must allege to establish the requisite underlying policy pursuant to *Monell*. ECF No. 1 at 4. However, the problem with Bey's allegations against the County is much more fundamental. The Wisconsin Supreme Court has held that "[a] circuit court judge is the local presence of the state." *Iowa County v. Iowa Cnty. Courthouse/Soc. Servs. Emps., Loc. 413, AFSCME, AFL-CIO*, 480 N.W.2d 499, 501 (Wis. 1992). Accordingly, a circuit court judge "is not a county employee or an agent of the county." *Id.* Therefore,

the County is not liable for Judge Gramling Perez's actions as an employer or principal under *Monell*. *See also* Wis. Stat. § 753.07 ("[A]ll circuit court judges in this state . . . [are] state employees . . . ."). The Court is thus obliged to dismiss Bey's claims against the County.

Finally, Bey alleges Section 1983 claims against MCRM on the basis that MCRM oversees and insures Judge Gramling Perez. MCRM is a branch of the County's Department of Administrative Services and "oversees all lines of liability claim administration, self-insurance functions, excess insurance procurement, safety and loss prevention and ensures proper risk transfer techniques for all the county's contractual obligations."[1] The Court has already dismissed the County, thus warranting dismissal of MCRM as well. Even if it had not, however, "[a]lthough the County's insurance company may be obliged to indemnify the County or County officials found liable in a suit under Section 1983, *the insurer is not an appropriate party to the suit*," because insurers, in the context of Section 1983 actions, do not deprive individuals "of any constitutional rights while acting under the color of [law]." *McDermott v. Waukesha County*, No. 15-CV-1341-JPS, 2018 WL 2447807, at *4 n.1 (E.D. Wis. May 31, 2018) (emphasis added). As a result, the Court must also dismiss Bey's claims against MCRM.

As stated above, Judge Gramling Perez is a state employee. While *Monell* permits Section 1983 claims against governments based on an underlying policy pursuant to which a government employee and/or agent inflicts a civil rights violation, *Monell* claims are not available against the state; they are only available against municipalities. *Monell*, 436 U.S. at 680–

---

[1] Milwaukee County Department of Administrative Services, *Chapter 5: Risk Management*, Milwaukee County, https://county.milwaukee.gov/EN/Administrative-Services/AMOP/Chapter-5-Risk-Management (last visited July 27, 2022).

82 (discussing the legal theories behind permitting *Monell* claims against municipalities but not against states). On the facts before it, therefore, the Court determines that Bey's claims are not viable, both for lack of a valid claim, as well as for lack of an appropriate defendant. For the same reasons, the Court further finds that any amendment to cure these deficiencies would be futile. *See Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) ("[A]n amendment may be futile when it fails to state a valid theory of liability, or could not withstand a motion to dismiss.") (internal citations omitted).[2] In the final analysis, the better method to submit a grievance about a Circuit Court judge is by filling out the applicable form on the Wisconsin Judicial Commission website.

For the reasons stated herein, the Court dismisses this action with prejudice.

Accordingly,

**IT IS ORDERED** that Bey's motion for leave to proceed *in forma pauperis*, ECF No. 2, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) as it both seeks monetary relief against a defendant who is immune from such relief and fails to state a claim upon which relief may be granted.

The Clerk of Court is directed to enter judgment accordingly.

---

[2]The Court notes parenthetically that it appears that many, if not all, of Bey's grievances have been ameliorated. On July 13, 2022, the same day that Bey filed the instant action, Judge Gramling Perez denied Progressive's motion for summary judgment. *See Shanquil Bey v. Susan Patricia Griffith d/b/a Progressive Insurance*, Milwaukee Circuit Court Case No. 2021CV000002, *available at* https://wcca.wicourts.gov/ (last visited July 27, 2022).

Dated at Milwaukee, Wisconsin, this 28th day of July, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge